UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T.M. HOUSING CONSTRUCTION, INC., | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:19-CV-00662-X |
| v. | § § | |
| CITY OF QUINLAN, TEXAS, | § § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION AND ORDER**

This case involves whether the City of Quinlan (City) can be liable for the failure to pave Seay Street. A landowner in the subdivision sued the City, bringing claims for due process violations, a taking, and a declaratory judgment. The City moved to dismiss the amended complaint [Doc. No. 9]. T.M. Housing Construction, Inc. (T.M. Housing) never responded, but the Court addresses the merits rather than deeming the motion unopposed.

The Court **GRANTS** the motion to dismiss because: (1) the amended complaint affirmatively demonstrates that the statute of limitations bars the due process claim; (2) the complaint fails to allege a taking of T.M. Housing's property; and (3) the declaratory judgment claim is barred by sovereign immunity. As a result, the Court **GRANTS** the City's motion to dismiss, **DISMISSES WITH PREJUDICE**

T.M. Housing's due process and takings claims, and **DISMISSES WITHOUT PREJUDICE** T.M. Housing's declaratory judgment claim.[1]

I. Background

This case involves claims over the City not paving streets in the Quinlan Oaks Addition of the City of Quinlan. The relevant City ordinance that the amended complaint quotes states as follows:

> Subdivision Improvements. *The developer shall install* all survey monuments and markers, *street paving*, curbs and gutters, alley grading, storm drainage, water and sanitary sewer mains and laterals, fire hydrants, water valves, traffic signs, street lights, street signs and sidewalks, *within and adjacent to the subdivision, or shall provide cash deposit or other guarantee acceptable to the City for the payment of the cost of such installations prior to the final approval by the City Council.*[2]

Notwithstanding the very ordinance it quotes, T.M. Housing alleges that the City agreed to pave the streets at the City's expense and T.M. Housing attaches a 1995 letter from the mayor saying, "[l]ast year, the Council voted to pave all the streets in Quinlan including Quinlan Oaks Addition."[3] T.M. Housing further alleges it acquired land in the subdivision in 2012 and attempted to (before and after that time) have the City pave the streets at city expense. While the complaint admits one street was

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] First Amended Original Complaint ¶ 13 (Complaint) [Doc. No. 7].

[3] Complaint, Exhibit D [Doc. No. 7-3].

paved (Vaughn Street), it claims the City refused in 2019 to pave Seay Street at city expense.

T.M. Housing sued the City of Quinlan in state court in Hunt County on February 15, 2019. T.M. Housing included claims for a declaratory judgment, due process violations, a Section 1983 claim, and an inverse condemnation claim. The City then timely removed this case to this Court based on the federal questions in the Section 1983 claim and the due process claim. T.M. Housing responded by amending its complaint to drop its Section 1983 claim and basing its due process claim on the Texas Constitution. It then moved to remand the case to state court, which the Court denied because there was no dismissal of the federal claims with prejudice.

The City moved to dismiss the amended complaint. T.M. Housing never responded. While the Court has the authority to deem the motion unopposed, it will instead address the merits.

## II. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[4] To survive a motion to dismiss, T.M. Housing must allege enough facts "to state a claim to relief that is plausible on its face."[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[4] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[8]

III. Application

In the amended complaint, T.M. Housing's remaining claims are for due process violations of the Texas Constitution, inverse condemnation, and declaratory judgment. The City moved to dismiss all three claims. The Court takes each claim in turn.

A. Due Process Under Texas Constitution

T.M. Housing raised a variety of arguments under substantive and procedural due process theories under the Texas Constitution. The City moved to dismiss for a variety of reasons, including that the statute of limitations bars the due process claim. The Court agrees with the City.

Ordinarily, the Court would refrain from granting a motion to dismiss on limitations grounds when the discovery rule is at play, which involves a factual determination of when the plaintiff knew or reasonably should have known of his

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id. See Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[8] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

4

injury. But this case is exceptional and fits within the line of cases where plaintiffs pled their way out of court. Here, T.M. Housing affirmatively pled that it knew in 2012, at the latest, of the alleged injury—an unpaved street it believed the City should pave. That allegation is as follows:

> In 2012 and before (sic) after acquiring the land abutting and facing Vaughn Lane and Seay Street both streets in the Quinlan Oaks Addition to the City of Quinlan, and since, T M Housing Construction, Inc., has attempted many times to peacefully work with the City of Quinlan officials to complete the paving these two streets, as it had previously agree (sic) to do.[9]

The residual statute of limitations in Texas is four years.[10] At the latest, T.M. Housing had until early 2017 to sue for a due process claim, but it filed this suit in 2019. Therefore, its claim is time-barred—even accepting T.M. Housing's allegations as true.[11]

## B. Inverse Condemnation

T.M. Housing also filed a takings claim against the City. The City moved to dismiss on the basis that the complaint never alleges that the City occupied or unreasonably regulated T.M. Housing's property. The Court agrees with the City.

---

[9] Complaint ¶ 9.

[10] TEX. CIV. PRAC. & REM. CODE § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").

[11] In addition, the City ordinance T.M. Housing quotes indicates that the developer—not the City—must pay to pave the roads. This also renders T.M. Housing's due process claim as legally invalid.

5

"Whether there has been a taking is a question of law for the court to decide."[12] Takings are either physical (an occupation of the property)[13] or regulatory (a government restriction on private property that unreasonably interferes with the use and enjoyment of that property).[14] The amended complaint contains no allegations that the City occupied T.M. Housing's property or regulated T.M. Housing's property to the extent of unreasonable interference. Accordingly, the City is entitled to dismissal of T.M. Housing's takings claim.

## C. Declaratory Judgment

Finally, T.M. Housing brought a claim for declaratory relief. The City moved to dismiss the claim as a rehash of T.M. Housing's legally flawed due process and takings claims. The Court agrees with the City's conclusion, but for different reasons.

As an initial matter, T.M. Housing's declaratory judgment claim fails to state whether it is under the Texas Declaratory Judgments Act or the federal Declaratory Judgment Act. Because the Texas Declaratory Judgments Act does not apply in federal court,[15] the Court construes this claim as being under the federal Declaratory Judgment Act. But the federal Declaratory Judgment Act does not waive sovereign

---

[12] *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 644 (Tex. 2004).

[13] *See Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex. 2004) ("A physical taking may occur when the government physically appropriates or invades private property, or unreasonably interferes with the landowner's right to use and enjoy it.").

[14] *See Lowenberg v. City of Dallas*, 168 S.W.3d 800, 802 (Tex. 2005) ("In a regulatory taking, it is passage of the ordinance that injures a property's value or usefulness.").

[15] *See Vera v. Bank of Am., N.A.*, 569 Fed. Appx. 349, 352 (5th Cir. 2014) (explaining that "the TDJA is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court.").

immunity (unlike Section 1983 or the Administrative Procedure Act). Because jurisdiction involves the Court's power to hear a case, the Court can raise such issues *sua sponte* and should address them before reaching merits arguments like the City raised here. Accordingly, the Court lacks subject matter jurisdiction over the declaratory judgment claim. And such dismissals are without prejudice because the Court lacks the power to reach the merits.

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the City's motion to dismiss, **DISMISSES WITH PREJUDICE** T.M. Housing's due process and takings claims, and **DISMISSES WITHOUT PREJUDICE** T.M. Housing's declaratory judgment claim.

**IT IS SO ORDERED** this 24th day of February 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE